UNITED STATES of America, Plaintiff,

v.

**WAR EAGLE CONSTRUCTION COMPANY, INC.,**
Defendant.

**Civ. A. No. 2:93–0526.**

United States District Court,
S.D. West Virginia,
Charleston Division.

July 7, 1994.

Rebecca A. Betts, U.S. Atty., Gary L. Call, Asst. U.S. Atty., Charleston, WV, for plaintiff.

Richard E. Rowe, Goodwin & Goodwin, Charleston, WV, William H. Howe and Mary Lou Smith, Howe, Anderson & Steyer, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the United States' motion for summary judgment. For reasons discussed below the Court GRANTS the motion.

■ Under *Rule 56(c)* of the Federal Rules of Civil Procedure, summary judgment is proper only:

> "[I]f the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law."

A principal purpose of summary judgment is to isolate and dispose of meritless litigation. *Celotex v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The moving party has the initial burden of showing the absence of a genuine issue concerning any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970). If the moving party meets its initial burden, the burden then shifts to the nonmoving party to "establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. at 322, 106 S.Ct. at 2552. To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must offer evidence showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553. Based on this standard the Court holds as follows.

In the summer and fall of 1992, the Secretary of Labor, acting through the Mine Safety and Health Administration, cited War Eagle Construction Company ("War Eagle") for violations of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801, et seq. The claimed violations occurred at a mine operated by War Eagle.[1] The Secretary grouped the pertinent citations into eight proposed civil penalty assessments, and mailed each assessment to the Defendant by certified mail.

The Secretary informed the Defendant of its right to contest proposed assessments within thirty days, and warned the company that failure to provide timely notice of objections would result in the assessments becoming a final order of the Federal Mine Safety and Health Review Commission ("Commission"). 30 U.S.C. § 815(a). War Eagle did not contest the penalties assessed pursuant to the allowable administrative procedure.

The Defendant subsequently failed to pay the assessments. Pursuant to 30 U.S.C. § 820(j), the United States filed this civil action to recover penalties, presently seeking the recovery of $82,997.00, plus accrued interest and costs.

Section 815(a) of the Mine Safety and Health Act provides in relevant part as follows:

> "If, within 30 days from the receipt of the notification [of proposed assessments] issued by the Secretary, the operator fails to notify the Secretary that he intends to contest the citation or the proposed assessment of penalty, and no notice is filed by any miner or representative of miners under subsection (d) of this section within such time, the citation and the proposed assessment of penalty shall be deemed a final order of the Commission and not subject to review by any court or agency." 30 U.S.C. § 815(a).

■ It is undisputed that War Eagle failed to challenge the proposed assessments within thirty days of notification by the Secretary. Applying 30 U.S.C. § 815(a), the Defendant's failure to object renders the proposed assessments "final order[s] of the Commission and not subject to review by any court or agency."

Accordingly the Court GRANTS the Plaintiff's motion for summary judgment and awards judgment in favor of the United States and against the Defendant in the amount of $82,997.00, plus interest and penal-

---

**1.** The Court rejects claims that War Eagle was not "the operator" of the subject mine. Given that War Eagle admits operating the mine up through July 15, 1992, these arguments are clearly meritless. See page two of War Eagle's response to summary judgment. At best, a genuine issue of fact exists as to whether War Eagle operated the mine from July 16 to August 1, 1992, and the company failed to contest this issue in compliance with 30 U.S.C. § 815(a).

ties as follows: 1) accrued interest as of May 12, 1994, in the amount of $9,492.14; 2) accrued interest from May 12, 1994 until the entry of judgment at the rate of eight percent (8%) per annum; 3) accrued nonpayment penalties as of May 12, 1994, in the amount of $7,108.29; 4) accrued nonpayment penalties from May 12, 1994 until the entry of judgment at the rate of six percent (6%) per annum; 5) administrative costs in the amount of $2,569.91; and 6) post-judgment interest at the prevailing federal rate, accruing from the entry of judgment until paid in full.

The Clerk is directed to send a copy of this Order to counsel of record.